Case 2:23-cv-00179 Document 11 Filed on 10/16/23 in TXSD Page 1 of 18

United States District Court
Southern District of Texas
**ENTERED**
October 16, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JAMES ROBERT HATTENBACH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:23-CV-00179 |
| | § | |
| LOWELL TIMOTHY JAROE, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION
TO RETAIN CASE AND DISMISS CERTAIN CLAIMS**

Plaintiff James Robert Hattenbach, appearing *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§1915(e)(2), 1915A.

For purposes of screening and the reasons set forth below, the undersigned respectfully recommends that the Court:

- **DISMISS without prejudice** Plaintiff's Fourteenth Amendment failure-to-protect claims against Mayor Lowell Timothy Jayroe[1] and Sheriff John Harrell in their official capacities;

- **DISMISS without prejudice** Plaintiff's Fourteenth Amendment failure-to-protect claims against Aransas County and the City of Rockport;

- **RETAIN** Plaintiff's Fourteenth Amendment failure-to-protect claim against Sheriff John Harrell in his individual capacity;

---

1 In his pleadings, Plaintiff misspells Mayor Jayroe's last name as "Jaroe."

1 / 18

- **DISMISS with prejudice** Plaintiff's remaining § 1983 claims as frivolous or for failure to state a claim upon which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), against: (1) the Aransas County Detention Center ("ACDC"); (2) Aransas County; (3) the City of Rockport; and (4) Mayor Lowell Timothy Jayroe and Sheriff John Harrell in their individual and official capacities.

The undersigned will order service separately on Sheriff John Harrell with respect to the Fourteenth Amendment failure-to-protect claim retained in this case.

## I. JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II. PROCEDURAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS

Plaintiff is confined as a pretrial detainee at the ACDC in Rockport, Texas. Plaintiff's allegations in this case arise in connection with his current confinement.

In his original complaint, Plaintiff sues the following defendants: (1) City of Rockport Mayor Lowell Timothy Jayroe ("Mayor Jayroe"); (2) City of Rockport; (3) Aransas County; (4) Sheriff John Harrell ("Sheriff Harrell"); and (5) the ACDC. (D.E. 1 pp. 1, 3). Plaintiff alleges the following facts: (1) he is transgender; (2) in August 2022, Plaintiff was assaulted in the ACDC's protective custody due to his lifestyle as a transgender; (3) Sheriff Harrell failed to listen to Plaintiff at some point in time about Plaintiff's status in the Lesbian-Gay-Bisexual-Transgender-Questioning ("LGBTQ") community; (4) the ACDC has no separate place in the facility to house LGBTQ inmates;

(5) ACDC officials have placed Plaintiff in a position to be assaulted or attacked by means of a hate crime; and (6) Sheriff Harrell failed to take Plaintiff's statement at some point in time. (D.E. 1, pp. 3-4). Plaintiff claims that his equal protection rights were violated. (Id. at 4). He seeks monetary damages. (Id.).

At the Court's direction, Plaintiff has filed a More Definite Statement. (D.E. 9). Plaintiff alleges the following pertinent facts in his More Definite Statement. Plaintiff states that he is 37 years old. (Id. at 1). He is 6'2" tall and weighs 230 pounds. *Id.* On April 29, 2022, Plaintiff was brought into custody at the ACDC and charged with sexual assault of a child. *Id.* On September 30, 2022, Plaintiff was released from custody on a personal recognizance bond. (*Id.*). Plaintiff returned to custody at the ACDC on June 15, 2023. (*Id.*). Plaintiff was appointed counsel to represent him in his Aransas County criminal proceeding. *Id.* at 2. Plaintiff plead guilty to the sexual assault charge and was sentenced on October 11, 2023 to eight years of deferred-adjudication. (*Id.*).

Plaintiff identifies as a female. (*Id.*). Sheriff Harrell and other ACDC jail officials at were aware of Plaintiff's gender identity as of April 29, 2022, when he arrived in custody. (*Id.* at 1, 3). Plaintiff alleges that he previously had a conversation with Sheriff Harrell in February 2022 about his gender identity. (*Id.* at 1). Plaintiff communicated his fears about being attacked due to his gender identity and associated lifestyle. (*Id.*).

Prior to August 2022, Plaintiff was placed in protective custody due to the nature of his sexual assault charge. (*Id.*). Plaintiff does not indicate that his placement in protective custody was due in any way to his sexual identity. (*Id.*). Plaintiff, however, was not

segregated from the general population and was forced to be around inmates with similar charges. (*Id.*).

Sometime in August 2022, Plaintiff was assaulted by another inmate. (*Id.* at 2). After Plaintiff had finished eating in the chow hall, he returned to his table and was told by someone to "take it to the shower faggot." (*Id.*). Plaintiff grabbed his things to take a shower and started to take a shower. (*Id.*). Plaintiff was then attacked by one inmate while he was making his way to the shower. (*Id.*). According to Plaintiff, every inmate in his pod was aware of his gender identity because he was open about it. (*Id.*). Plaintiff further states that he had previously overheard several inmates, including the one who attacked him, talking about beating Plaintiff up due being homosexual. (*Id.*). Plaintiff communicated these threats to Sheriff Harrell and other ACDC officials before the August 2022 assault. (*Id.*). Neither Sheriff Harrell nor other ACDC officials took any action to protect Plaintiff and instead placed him back in the same pod. (*Id.*).

After the August 2022 assault, Plaintiff was placed in segregation for fourteen days and then returned to the same protective custody. (*Id.* at 3). Since August 2022, "people" have called Plaintiff names and made derogatory statements toward him such as "look at that faggot." (*Id.*).

Plaintiff claims that Aransas County and Mayor Jayroe violated his constitutional rights by failing to ensure that ACDC staff had the ability to protect Plaintiff as a member of the LGBTQ community. (*Id.* at 3-4). Plaintiff claims that the City of Rockport should be held responsible for violations of his constitutional rights because this defendant was

given federal funding and monies by Aransas County and yet failed to consider the safety of LGBTQ members confined at the ACDC. *Id.* at 4.

Plaintiff claims that Sheriff Harrell violated Plaintiff's constitutional rights by failing: (1) to listen to Plaintiff's original statement that he identified as a female and was a member of the LBGTQ community; and (2) to pass along that information in Plaintiff's report so that ACDC officials could protect him from attack. (*Id.* at 5). Plaintiff sues Sheriff Harrell in his official capacity. (*Id.*).

Plaintiff reiterates in his More Definite Statement that he seeks monetary relief. (*Id.*).

## III. GOVERNING LAW

### A. Legal Standard for Screening of Plaintiff's Action

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal

interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable. *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed. *Id*.

**B. Relevant law regarding 42 U.S.C. § 1983**

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail

on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988). A defendant acts under color of state law if he misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties. *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002).

**IV.    DISCUSSION**

    **A.  Plaintiff's Claims against the ACDC**

Plaintiff names the ACDC as one of the defendants in this case. (D.E. 1, p. 3). Plaintiff, however, cannot sue a Texas county jail because it is a nonjural entity and, therefore, lacks the capacity to be sued under § 1983. *See Crawford v. Collin Cnty. Det. Facility*, No. 4:20-CV-668-RAS-CAN, 2022 WL 4459855, at **2-3 (E.D. Tex. Aug. 18, 2022), *recommendation adopted*, 2022 WL 4449315 (E.D. Tex. Sept. 22, 2022) (recognizing that a county detention facility does not have jural existence and cannot be a proper party to a lawsuit). Accordingly, the undersigned recommends that Plaintiff's claims against the ACDC be dismissed with prejudice as frivolous or for failure to state a claim upon which relief may be granted.

    **B.  Failure to Protect**

"When the state deprives an individual of the freedom to act on his own behalf, the Fourteenth Amendment imposes on the state a duty to protect that individual." *Alderson v. Concordia Parish Corr. Facility*, 848 F.3d 415, 420 (5th Cir. 2017) (citing *Hare v. City*

*of Corinth*, 74 F.3d 633, 639 (5th Cir. 1996) (en banc)). "It is well established that prison officials have a constitutional duty to protect prisoners from violence at the hands of their fellow inmates." *Longoria v. Texas*, 473 F.3d 586, 592 (5th Cir. 2006) (citing *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994)).

Plaintiff was a pretrial detainee at the time of the alleged assault by another inmate in August 2022. His failure-to-protect claims arises under the Due Process Clause of the Fourteenth Amendment. *See Alderson*, 848 F.3d at 419 (citing *Cupit v. Jones*, 835 F.2d 82, 84-85 (5th Cir. 1987)). "'[T]he state owes the same duty under the Due Process Clause and the Eighth Amendment to provide both pretrial detainees and convicted inmates with basic human needs, including medical care and protection from harm, during their confinement.'" *Hyatt v. Thomas*, 843 F.3d 172, 177 (5th Cir. 2016) (quoting *Hare*, 74 F.3d at 650)

To succeed on a due process claim based on "episodic acts or omissions, a pretrial detainee must show that the defendants acted with subjective deliberate indifference. *Id.* (citing *Hare*, 74 F.3d at 643). "That is, the plaintiff must show that the official knew of and disregarded a substantial risk of serious harm." *Id.* at 419-20 (citing *Domino v. Tex. Dep't of Crim. Justice*, 239 F.3d 752, 755 (5th Cir. 2001)). "To reach the level of deliberate indifference, official conduct must be 'wanton,' which is defined to mean 'reckless.'" *Id.* at 420 (citing *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)).

### *(1) Sheriff Harrell*

While Plaintiff indicates that he only sues Sheriff Harrell only in his official capacity, the undersigned will construe Plaintiff's allegations as suing him also in his individual capacity. Plaintiff alleges the following pertinent facts:

- Plaintiff identifies as a female.

- Sheriff Harrell and other ACDC jail officials were well aware of Plaintiff's gender identity as of April 29, 2022, when he arrived in custody.

- Plaintiff previously informed Sheriff Harrell in February 2022 about his gender identity.

- Plaintiff communicated his fears to Sheriff Harrell about being attacked due to his gender identity and associated lifestyle.

- Even though he was placed in protective custody due to the nature of the charges against him, Plaintiff was not segregated from the general population and was forced to be around inmates with similar charges.

- Before being assaulted in August 2022 by an inmate, Plaintiff had overheard the attacking inmate and several others threatening to beat Plaintiff up due to him being gay.

- Plaintiff communicated these threats to Sheriff Harrell and other ACDC officials before the August 2022 assault.

- Neither Sheriff Harrell nor other ACDC officials took any action to protect Plaintiff, and instead placed him back in the same pod.

- Prior to the assault, every inmate in his pod was aware of his gender identity because he was open about it.

(D.E. 9, pp. 1-3).

Plaintiff's allegations, accepted as true for purposes of screening, plausibly state a Fourteenth Amendment claim for failure to protect against Sheriff Harrell. Plaintiff's allegations allegation suggest that Sheriff Harrell was personally aware of facts indicating that Plaintiff was at substantial risk of serious harm as a member of the LBGTQ community and disregarded the risk to Plaintiff's safety. *See Solis v. Barber*, No. 3:20-cv-00765-E (BT), 2021 WL 3434991, at *3 (N.D. Tex. June 30, 2021), *recommendation adopted* 2021 WL 3419703 (N.D. Tex. Aug. 5, 2021) (recognizing that, "[i]n the failure-to-protect context, the subjective-knowledge-of-harm prong may be met when an inmate informs a correctional officer about a specific fear of assault and is then assaulted"). Accordingly, the undersigned respectfully recommends that Plaintiff's Fourteenth Amendment failure-to-protect claim be retained against Sheriff Harrell in his individual capacity.

### *(2) Mayor Jayroe*

While Plaintiff indicates that he only sues Mayor Jayroe only in his official capacity, the undersigned will construe Plaintiff's allegations as suing him also in his individual capacity. Plaintiff claims that Mayor Jayroe violated his constitutional rights by failing to ensure that ACDC staff had the ability to protect Plaintiff. (D.E. 9, p. 3).

"Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele,* 709 F.2d 381, 382 (5th Cir. 1983). There is no vicarious or *respondeat superior* liability of supervisors under section 1983. *Thompkins v. Belt,* 828 F.2d 298, 303-04 (5th Cir. 1987). *See also Carnaby v. City of Houston,* 636 F.3d 183, 189 (5th Cir. 2011) (the acts of subordinates do not trigger individual § 1983 liability for supervisory officials).

A supervisory official may be held liable only if "(1) he affirmatively participates in the acts that cause the constitutional deprivation, or (2) he implements unconstitutional policies that causally result in the constitutional injury." *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011).

Plaintiff seeks to hold Mayor Jayroe accountable in his supervisory capacity as responsible for the actions of his ACDC employees. Plaintiff alleges no specific facts to suggest that Mayor Jayroe had any personal involvement in connection with Plaintiff's status as a member of the LBGTQ community or confinement situation at the ACDC. He further fails to allege that Mayor Jayroe otherwise implemented any unconstitutional policies at the ACDC related to Plaintiff's confinement. Plaintiff, therefore, has failed to allege a plausible claim against Mayor Jayroe in his role as a supervisory official. Accordingly, the undersigned respectfully recommends that Plaintiff's Fourteenth Amendment failure-to-protect claim against Mayor Jayroe in his supervisory capacity be dismissed with prejudice as frivolous and/or for failure to state a claim for relief.

### 3. *Official Capacity Claims*

Plaintiff sues Sheriff Harrell and Mayor Jayroe in their official capacities. Suits against individuals in their official capacities "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Goodman v. Harris County*, 571 F.3d 388, 395 (5th Cir. 2009) (internal quotations and citation omitted). Thus, Plaintiff's suit against these defendants in their official capacities is effectively a suit

against their respective offices, Aransas County and the City of Rockport. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

Under § 1983, a municipality or local government entity may be held liable for acts for which it is actually responsible. *See Doe on Behalf of Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986)). The governmental body must either itself subject a person to a deprivation of rights or cause a person to be subjected to such deprivation. *Connick v. Thompson*, 563 U.S. 51, 59 (2011). A municipality is liable for the constitutional violations of its employees only if the alleged constitutional deprivations resulted from municipal policy or custom. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *see also Zarnow v. City of Wichita Falls, Tex.*, 614 F.3d 161, 166 (5th Cir. 2010) (noting that a municipality may not be subject to liability merely for employing a tortfeasor; liability requires deliberate action attributable to the municipality that is the direct cause of the alleged constitutional violation). An official municipal policy "includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick*, 563 U.S. at 60.

Liability of a municipality under § 1983 therefore requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose "moving force" is the policy or custom. *Monell*, 436 U.S. at 694; *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). "[I]solated unconstitutional actions by municipal employees will almost never trigger liability," because "the unconstitutional conduct must be directly

attributable to the municipality through some sort of official action or imprimatur." *Piotrowski*, 237 F.3d at 578.

For several distinct reasons, Plaintiff's claims – accepted as true, and liberally construed – fail to plausibly allege the elements required for municipal liability under § 1983. First, Plaintiff does not provide any specific facts to indicate that Sheriff Harrell is a policymaker in Aransas County or that Mayor Jayroe is a policymaker with respect to ensuring the safety of inmates at the ACDC.

Second, and more importantly, while Plaintiff generally discusses how Sheriff Harrell and other ACDC officials reacted to information regarding his gender identity and threats made against him, he does not allege the existence of official policies with regard to housing members of the LGBTQ community in a safe manner. Rather than identify any specific policies, Plaintiff generally references the failures of Aransas County and the City of Rockport's failure to protect him and the fact the City of Rockport receives federal funding for the ACDC. (D.E. 9, pp. 3-5). Plaintiff certainly fails to allege the existence of policies in any depth of detail to suggest that they are the "moving force" behind the alleged violations of Plaintiff's constitutional rights. *Cf. Spiller v. City of Tex. City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997) (holding that a plaintiff must provide specific facts regarding the description of a policy and its relationship to the underlying constitutional violation); *Jernigan v. City of Parker, Tex.*, No. 4:14CV803, 2015 WL 4624810, at *2 (E.D. Tex. Aug. 3, 2015), *recommendation adopted* 2015 WL 5063216 (E.D. Tex. Aug. 25, 2015) (explaining that plaintiff failed to state specific facts showing how the alleged

lack of a written policy addressing the detention of mentally impaired individuals caused the alleged deprivation of her constitutional rights).

Additionally, Plaintiff's allegations reference only his own situation at the ACDC. He does not provide in sufficient detail allegations of other incidents in which the constitutional rights of other individuals, who are part of the LBGTQ community, have allegedly been violated. This is insufficient to allege a plausible claim for municipal liability under § 1983. *See Peterson v. City of Fort Worth*, 588 F.3d 838, 850-51 (5th Cir. 2009) (explaining that, to show custom that fairly represents municipal policy, the plaintiff must show "sufficiently numerous prior incidents" as opposed to "isolated instances") (citation omitted); *Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992) ("Allegations of an isolated incident are not sufficient to show the existence of a custom or policy."). Because Plaintiff has not plausibly alleged the existence of a policy or custom, or that any such policy was the "moving force" behind the alleged violation of his constitutional rights, the undersigned recommends that Plaintiff's Fourteenth Amendment failure-to-protect claims against the individual defendants in their official capacities, Aransas County, and the City of Rockport be dismissed without prejudice.

### C. Equal Protection

The Equal Protection Clause of the Fourteenth Amendment "commands that no State shall deny to any person within its jurisdiction the equal protection of the laws, which is essentially a direction that all persons similarly situated should be treated alike." *Duarte v. City of Lewisville, Tex.*, 858 F.3d 348, 353 (5th Cir. 2017) (internal quotation marks and

citations omitted); *Wood v. Collier*, 836 F.3d 534, 538 (5th Cir. 2016). To establish an equal protection claim, a plaintiff must first demonstrate that "two or more classifications of similarly situated persons were treated differently." *Duarte*, 858 F.3d at 353 (internal quotation marks and citations omitted). If a suspect class (such as race or religion) or a fundamental right is implicated, the courts apply "strict scrutiny." *Id.* at 353-54. If not, the courts apply "rational basis review," and will uphold the classification if it bears a "rational relation to a legitimate governmental purpose." *Id.* at 354.

Further, to establish an equal protection violation, a plaintiff also must prove "purposeful discrimination resulting in a discriminatory effect among persons similarly situated." *Butts v. Martin*, 877 F.3d 571, 590 (5th Cir. 2017) (internal quotation marks and citation omitted); *Baranowski v. Hart*, 486 F.3d 112, 123 (5th Cir. 2007). The Equal Protection Clause "does not require that all persons be dealt with identically, but it does require that a distinction made have some relevance to the purpose for which the classification is made." *Wood*, 836 F.3d 538-39 (internal quotation marks and citation omitted).

Plaintiff claims that Sheriff Harrell, Mayor Jayroe, Aransas County, and the City of Rockport violated his equal protection rights by failing to take action to protect him, as a member of the LGBTQ community, from harm while he was confined at the ACDC. (D.E. 9, pp. 3-5). According to Plaintiff, his equal protection rights were violated when ACDC officials placed Plaintiff in a position to be assaulted or attacked by means of a hate crime. (D.E. 1, p. 4).

Plaintiff's allegations, accepted as true for purposes of screening, fail to state an equal protection claim. According to Plaintiff, he was placed in protective custody due to the nature of the charges brought against him and not due to his gender identity. (D.E. 9, p. 1). Instead of showing he has been treated unfavorably compared to other inmates similarly situated in protective custody, Plaintiff's allegations reflect that he seeks more favorable treatment in the form of greater protections for LGBTQ members from assaults. Thus, he fails to provide specific allegations to indicate that ACDC officials subjected him to disparate and less favorable treatment due to his LGBTQ status, including his gender identity. *See Song v. Unknown Medical Admin.*, No. SA-22-CV-01144-XR, 2023 WL 2386892, at *2 (W.D. Tex. Mar. 6, 2023) (holding that detainee's general allegations he was subjected to different treatment based on his LGBTQ status fail to indicate how he was treated differently or otherwise show disparate treatment); *Solis*, 2021 WL 3434991, at *7 (holding that "the Court need not consider … for purposes of screening" conclusory allegations of discrimination based on inmate's transgender status). Plaintiff otherwise fails to plead sufficient facts to show he is the victim of intentional and purposeful discrimination due to his LGBTQ status. *Song*, 2023 WL 2386892, at *4.

As Plaintiff fails to state an underlying equal protection violation, it follows that there can be no municipal liability on this claim. *See Williams v. Burleson Cnty., Tex.*, No. A-22-CV-750-RP, 2023 WL 4833484, at *5 (W.D. Tex. Jul. 27, 2023) (citing *Whitley v. Hanna*, 726 F.3d 631, 648-49 (5th Cir. 2013)). Accordingly, Plaintiff's equal protection

claims should be dismissed against (1) Aransas County; (2) the City of Rockport; and (3) Sheriff Harrell and Mayor Jayroe in their individual and official capacities.

## V.  RECOMMENDATION

For the reasons stated above and for purposes of §§ 1915A and 1915(e)(2), the undersigned respectfully recommends that the Court:

- **DISMISS without prejudice** Plaintiff's Fourteenth Amendment failure-to-protect claims against Mayor Lowell Timothy Jayroe[2] and Sheriff John Harrell in their official capacities;

- **DISMISS without prejudice** Plaintiff's Fourteenth Amendment failure-to-protect claims against Aransas County and the City of Rockport;

- **RETAIN** Plaintiff's Fourteenth Amendment failure-to-protect claim against Sheriff John Harrell in his individual capacity;

- **DISMISS with prejudice** Plaintiff's remaining § 1983 claims as frivolous or for failure to state a claim upon which relief can be granted against: (1) the ACDC; (2) Aransas County; (3) the City of Rockport; and (4) Mayor Lowell Timothy Jayroe and Sheriff John Harrell in their individual and official capacities.

The undersigned will order service separately on Sheriff John Harrell with respect to the Fourteenth Amendment failure-to-protect claim retained in this case.

Respectfully submitted on October 16, 2023.

_____
Julie K. Hampton
United States Magistrate Judge

---

[2] In his pleadings, Plaintiff misspells Mayor Jayroe's last name as "Jaroe."

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).