United States District Court
Southern District of Texas
**ENTERED**
July 03, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JAMES ROBERT HATTENBACH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:23-CV-00179 |
| | § | |
| LOWELL TIMOTHY JAROE, *et al.*, | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM AND RECOMMENDATION
### TO DISMISS CASE FOR FAILURE TO PROSECUTE

Plaintiff James Robert Hattenbach, appearing *pro se* and *in forma pauperis* (IFP), has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. In connection with his former confinement at the Aransas County Detention Center in Rockport, Texas, Plaintiff claims that his constitutional rights were violated when he was allegedly harassed and assaulted because of his gender identity. For the reasons set forth below, the undersigned respectfully recommends that this case be **DISMISSED** without prejudice for failure to prosecute.

**I.    JURISDICTION**

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II. BACKGROUND

On July 7, 2023, Plaintiff filed this prisoner civil rights action in the Aransas County Detention Center in Rockport, Texas. (D.E. 1). On July 17, 2023, the undersigned granted Plaintiff's application to proceed IFP. (D.E. 6). As a part of this order, the undersigned instructed Plaintiff that he was required to notify the Court of any change of address by filing a notice of change of address with the Clerk of the Court. (D.E. 6, ¶ 10). Plaintiff was then notified that "Failure to file such notice may result in this case being dismissed for want of prosecution." (D.E. 6, ¶ 10).

On August 14, 2023, the undersigned filed an order for a more definite statement, due by September 14, 2023. (D.E. 7). Plaintiff returned a more definite statement on August 22, 2023. (D.E. 9).

The undersigned recommended that this Court retain only Plaintiff's Fourteenth Amendment failure-to-protect claim against Sherriff John Harrell in his individual capacity. (D.E. 11). The undersigned separately ordered service on Sherriff Harrell. (D.E. 12). On January 23, 2024, Sheriff Harrell filed a Motion for Summary Judgement. (D.E. 19).

## III. DISCUSSION

On April 19, 2024, the Memorandum and Recommendation to Retain Case and Dismiss Certain Claims ("M&R") was mailed via regular mail to Plaintiff. On May 17, 2024, mail containing the M&R was returned to the Court as undeliverable with the notation Plaintiff has been "discharged." (D.E. 23). A review of the TDCJ's website

indicates that Plaintiff is no longer in TDCJ custody. Plaintiff has neither filed a response to the pending summary judgment motion nor has had any contact with the Court since being released from custody.

A district court has the authority to dismiss a case for want of prosecution of for failure to comply with a court order. Fed. R. Civ. P. 41(b); *see also Martinez V. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute). Plaintiff was advised in the July 17, 2023, Order that this action may be dismissed should he fail to update the court with his current address. (D.E. 6, ¶ 10). Plaintiff has failed to comply, and it is apparent that he has abandoned this lawsuit. The court, therefore, cannot proceed with Plaintiff's case if he is not willing to participate as a litigant. Accordingly, dismissal is warranted under these circumstances.

## IV. DISCUSSION

Accordingly, it is respectfully recommended that Plaintiff's lawsuit be **DISMISSED** under Rule 41(b) for failure to prosecute this action.

Respectfully submitted on July 3, 2024.

_____
Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).